Donelan, Justice, &c., v. Draddy.

---

CASE 58—WRIT OF PROHIBITION—DEC. 2.

# Donelan, Justice, Etc. v. Draddy.

APPEAL FROM CAMPBELL CIRCUIT COURT.

FORCIBLE ENTRY AND DETAINER—TRIAL OUT OF TERM.—A justice of the peace has jurisdiction to try and to determine a writ of forcible entry and detainer out of term time.

C. J. AND W. W. HELM FOR APPELLANT.

The relief sought was a writ of prohibition to prevent a justice of the peace trying a writ of forcible detainer out of term time.

1st. Is the petition defective? Ky. Stats., sec. 1085.

2d. Is the writ of prohibition the appropriate remedy? Civil Code, sec. 479.

3. Writs of forcible entry and detainer may be tried out of term time. Civil Code, secs. 452, 469; Ky. Stats., sec. 1085.

SIMMONS AND BAILEY FOR APPELLEE.

1. The allegation that "said 5th day of July was a day out of term time" is not a conclusion of law.

2. Prohibition the appropriate remedy to prevent the execution of a judgment when the court had acted outside its jurisdiction in rendering said judgment.

3. A forcible detainer action is a "civil cause" in the meaning of that term as used in section 1085 of the Kentucky Statutes and can only be tried at a regular term of a justice's court. Ky. Stats., sec. 1085; 9 Am. & Eng. Ency. of Law, 21, 22; 2 Eng. Stat. at L., 240, 339; 3 Eng. Stat. at L., 121; 9 Ency. of Pl. & Pr., p. 23, 31; 4 Eng. Stat. at L., 243; Chiles et al., v. Samuel, 3 A. K. Mar., 350; Venhoff & Co. v. Morgan, &c., 11 Ky. Law Rep., 276.

4. An order granting a writ of prohibition can not be superseded.

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

It is alleged in the petition that on the 5th of July, 1898, the appellant, as justice of the peace for a certain district, thereinbefore described, did try a case of forcible detainer, in which the plaintiff was defendant and the Christian Moerlein Brewing Company was plaintiff, and rendered judgment therein, on said day, finding this plaintiff, who was then defendant, guilty of forcible detainer; that said 5th day of July was a day out of term time, and that said case had not been continued from a previous or any term time; that the said justice is about to, and will unless prohibited by this court, issue upon said judgment a writ of restitution for the property described in the warrant in said case; that said judgment is void; and that the defendant, in trying said case and rendering said judgment, acted without his jurisdiction. Wherefore plaintiff prays the court to issue a writ prohibiting said justice from proceeding further in said matter, and from enforcing said judgment.

It appears in this case that on the 9th of July, 1898, plaintiff filed notice, and moved for a writ of prohibition, and defendant objected, and the cause was submitted.

It further appears that on July 12, 1898, the writ prayed for was granted, from which judgment an appeal was taken by the appellant, and that the judgment was superseded.

It is the contention of appellee that the appellant had no jurisdiction to hear and determine the writ aforesaid out of term time, and we are referred to section 1085 of the Kentucky Statutes in support of appellee's contention.

It is provided in said section that: "Each justice of the peace shall hold a court in his district for the trial of civil causes once in every three months in each year; but in cities of the first, second and third class a court may be held monthly, the term to continue until the business is disposed of. The term shall be fixed by an order of the county court entered of record, and when so fixed shall not be changed, except at the last regular term of the county court held in the year next preceding the year in which the change is to be made; until changed as herein provided the term shall be held upon the days now fixed."

It is the contention of appellee that the proceeding in question is a civil action, and therefore can only be tried at a regular term of the justice's court.

It is the contention of appellant that, under the provisions of the Code of Practice, a trial may be had at a time other than at a regular term of a justice's court.

Section 454 of the Code of Practice provides, in substance, that upon complaint, by a person aggrieved by a forcible detainer, to a justice of the peace or a county judge of the county in which the land or tenement, or a principal part thereof, lies, he "shall issue his warrant to the sheriff or any constable, in substance as follows: . . ." This warrant, among other things, says: "You are therefore commanded to summon a good and

lawful jury of your county to meet on the premises, or at a place convenient thereto, on the —— day of ———, to inquire into the forcible detainer aforesaid; and give to the said ——— at least three days' notice of the time and place of the meeting of the jury."

It is provided in section 455 that the officer shall give to each defendant notice according to the directions of the warrant, and no inquiry shall be made against any defendant who has not been notified as aforesaid.

Section 456 provides that at the time for holding the inquisition the officer shall return the warrant to any justice who may attend, or to the county judge, if in attendance, with an indorsement stating when and upon whom it was executed.

Section 460 provides for entering a judgment upon the verdict of the jury, if a jury trial be had.

It is provided in section 461 that if the party against whom the inquisition is found fail to file a traverse of the inquisition with the judge or justice who presided, on or before the third day after the finding of the inquest, the judge or justice shall, on request, issue his execution for the costs, and, if the inquisition be in favor of the plaintiff, he shall also issue his writ of restitution.

Section 463 provides that, if either party conceive himself aggrieved by the finding of the jury, he may file a traverse thereof within three days next after the finding aforesaid, and he may within said time give bond, with sufficient surety, to be approved by the judge or justice, that he will pay the costs and damages if said traverse be not prosecuted with effect, whereupon all further proceedings shall be stayed, and the whole papers and proceedings, or a fair transcript thereof, shall be returned to the circuit court of the county.

Section 2294, Kentucky Statutes, reads as follows: "If the officer can not find the defendant in a writ of forcible entry or detainer, on the premises mentioned in the same, and there shall be no member of the defendant's family thereon over sixteen years of age with whom notice can be left, posting a copy of the notice of the time and place of the meeting of the court in a conspicuous place on the premises shall be deemed an execution of the notice; explaining and leaving a copy of it with a member of the defendant's family over sixteen years of age, if on the premises, shall be a good service of the notice."

It seems to us that the law has provided a different and more speedy remedy for the trial of cases of forcible detainer than for other civil actions or proceedings. It seems to be the policy of the law to provide a more speedy remedy for the enforcement of the rights of a landlord than is provided for the enforcement of ordinary claims. This is evidenced by the summary means provided for the collection of rents due to a landlord.

After a careful consideration of the law, we are of the opinion that the appellant had jurisdiction to try and to determine the writ in question out of term time.

This conclusion renders it unnecessary to determine or decide the other questions argued in the briefs of counsel on each side.

It results from the foregoing that the judgment appealed from is erroneous, and the same is therefore reversed, and cause remanded, with directions to the court below to dismiss the petition, and for proceedings consistent herewith.